**Criminal law** ☞956(10)—**Where there was evidence of misconduct of jury, court did not abuse discretion in deciding against accused.**

Where defendant, in prosecution for manufacturing intoxicating liquor, alleged in motion for new trial that juryman had expressed opinion prior to trial, and state controverted motion in this regard, court, after hearing evidence offered, *held* not to have abused discretion in deciding against contention of accused.

Appeal from District Court, Grayson County; F. E. Wilcox, Judge.

Simmie Combs was convicted of manufacturing intoxicating liquor, and she appeals. Affirmed.

H. H. Cummins, of Denison, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. From conviction in the district court of Grayson county for manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

The record is before us without any exception taken to the introduction or rejection of any testimony, or to the charge of the court. Appellant's reliance seems to be upon the supposed error of the overruling of her motion for new trial, in which she set up the fact that one of the jurymen who sat in her case had expressed an opinion prior to the trial. The

state controverted the motion in this regard, and the court heard the evidence offered, and decided same against the contention of appellant. We see nothing evidencing an abuse of the discretion confided in the trial court.

Finding no error in the record, the judgment will be affirmed.

---

## MERCANTILE BANK & TRUST CO. et al. v. SCHUHART et al. (No. 2350.)

(Court of Civil Appeals of Texas. Amarillo. June 18, 1924. On Motion for Rehearing and to Certify, Oct. 8, 1924. On Hearing after Response to Certified Questions, Jan. 20, 1926.)

**1. Pleading** ☞111—**Plea of privilege held properly tried with case on merits.**

Plea of privilege *held*, under the facts, properly tried with the case on its merits.

**2. Venue** ☞22(3)—**Plea of privilege held properly overruled, where resident defendant charged with negligence.**

In action against drawees, bank in which draft was deposited and bank to which it was sent for collection, where first bank, a resident of county in which suit was brought, was charged with negligence, and there was evidence thereof, second bank's plea of privilege, based on theory that first bank was joined to confer jurisdiction, was properly overruled.

**3. Venue** ☞22(3) — **Suit not shown fictitious warranting disregard of codefendant in determining venue.**

Plaintiff's intention not to enforce probable judgment against codefendant was insufficient to show suit against codefendant was fictitious, warranting disregard of codefendant in determining venue.

**4. Banks and banking** ☞175(3)—**Amount not recoverable without proof that draft would have been paid if presented promptly.**

Seller could not recover price of car of corn from banks on theory that their failure to promptly present and collect draft for price resulted in insolvent buyer acquiring possession without payment, where no competent testimony was introduced that draft would have been collected if promptly presented.

**5. Evidence** ☞113(1)—**Evidence held incompetent to establish value of corn obtained through collecting banks' negligence.**

In action against banks receiving draft for collection, for negligence, enabling drawee to obtain shipment of corn without payment, evidence that plaintiffs bought and resold corn as sound, heavy corn, and thought they would have heard from it, if it had not been that kind of corn, and that there was custom to claim credit in case of defective quality, was not competent on question of value of corn.

**6. Banks and banking** ☞175(5)—**Banks liable for value of goods shipped, where failure to promptly present draft deprived seller of right of stoppage in transitu.**

If seller had right of stoppage in transitu, and negligence of two banks in failing to

promptly present draft and notify seller of nonpayment resulted in depriving seller of this right, banks would be liable for value of goods shipped.

**7. Sales ⬅⟶291—Right of stoppage in transitu exists only where insolvency discovered after sale and shipment.**

The right of stoppage in transitu exists only in cases of insolvency of purchaser discovered by seller after sale and shipment.

On Motion for Rehearing and to Certify.

**8. Action ⬅⟶48(2)—Joining two banks charged with negligence in handling draft in one suit held proper.**

In action by owner of draft against two banks for negligence in presenting draft and giving notice of nonpayment, the joining of both banks in one suit, although acts of negligence were separate and distinct, was proper, as cause of action grew out of one transaction.

Appeal from Dallam County Court; A. M. Reese, Judge.

Action by E. G. Schuhart and others, partners doing business as Schuhart Grain Company, against the Mercantile Bank & Trust Company and others, in which the defendant First National Bank pleaded over against the Mercantile Bank & Trust Company, and the Mercantile Bank & Trust Company filed a plea of privilege. From judgment entered in favor of plaintiffs and in favor of defendant the First National Bank against the Mercantile Bank & Trust Company, defendants appeal. Judgment overruling plea of privilege affirmed, and case reversed and remanded for trial on the merits.

W. I. Gamewell and Clifford Braly, both of Dalhart, for appellants.

Bailey & Richards, of Dalhart, for appellees.

BOYCE, J. Plaintiffs, E. G. Schuhart and others, partners engaged in the grain business in the name of Schuhart Grain Company, brought this suit against the First National Bank of Dalhart, the Mercantile Bank & Trust Company of Dallas, and Luke Johnson and C. J. Thomas of Dallas county, the last two parties being engaged in the grain business under the name of the Interstate Products Company, to recover damages in the sum of $407.66, and interest, growing out of the shipment of a car of corn by the plaintiffs to Crisp, Tex., for delivery on contract of sale by the plaintiffs to the Interstate Products Company. The plaintiffs alleged that they sold the car of corn to the Interstate Products Company, shipping it to Crisp, Tex., "being a station commonly known as a blind station, at which freight could not be paid"; that because of such fact they, at the purchasers' request, prepaid the freight and drew on the purchasers for the sale price of the corn and freight charges; that plaintiffs

deposited this draft in the First National Bank of Dalhart, Tex., for collection, and were given credit therefor by such bank; that the Dalhart bank forwarded the draft to the Dallas bank; that both banks were negligent in the handling of such collection in this; that the draft was received by the Dallas bank about February 27, 1921; that it held the draft until March 21, 1921, without presentation for payment or protest, and about said time returned it to the Dalhart Bank without notice prior to such date that it had not been presented or paid; that it was the duty of the Dalhart bank to follow up the draft with inquiries within due time after sending it out and to learn of the status of the collection and notify plaintiffs thereof, and that it failed to do this; that plaintiffs, having received credit for said draft, in the absence of notice to the contrary, believed that it was paid; that it was finally presented for payment on April 21, 1921, and protested for nonpayment; that on account of the manner in which the car was shipped the purchasers were able to get possession of same without payment of the draft; that, if said draft had been duly presented, it would have been paid, or, if it had not been paid, and the defendant banks had discharged their duty, the plaintiffs would have had notice thereof in sufficient time to divert the shipment and prevent it from coming into the possession of the purchaser; that said purchasers are "now insolvent"; that the plaintiffs have sustained damages in the sum of $407.66, with interest, and that said claim and demand is past due and unpaid.

The Dalhart bank pleaded over against the Dallas bank in the event judgment should be in favor of plaintiff against it. The Dallas bank filed a plea of privilege to be sued in Dallas county. The plea of privilege was tried with the trial on the merits. A jury was waived, and the trial court overruled the plea of privilege of the Dallas bank, awarded the plaintiffs judgment against all the defendants for the amount sued for and in favor of the Dalhart bank over against the Dallas bank in the event it was compelled to pay the judgment.

[1] We overrule the proposition that it was error to try the plea of privilege with the case on its merits. Wichita Mill & Elevator Co. v. Simpson (Tex. Civ. App.) 227 S. W. 352; Smith v. Citizens' National Bank (Tex. Civ. App.) 246 S. W. 407.

[2, 3] The Dallas bank, in its plea of privilege, alleged, in addition to the customary allegations of such plea, that the First National Bank of Dalhart, the only defendant residing in Dallam county where the suit was brought, was not, on the allegations of the petition, liable to the plaintiffs, and further that the allegations of liability as to such bank were false and were fraudulently made

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(277 S.W.)

for the purpose of conferring jurisdiction. The case of Tillman County Bank v. Behringer (Tex. Sup.) 257 S. W. 209, is relied on by appellants in support of their contention that the pleadings show no such liability on the part of the Dalhart bank as will sustain plaintiff's right to lay the venue of the case in Dallam county. In that case the only basis of liability of the bank forwarding an item deposited with it for collection was the negligence of the correspondent bank, and it was sought to hold the forwarding bank liable on the theory that the collecting bank was the agent of the forwarding bank; the Supreme Court denied liability on this ground. But here an independent charge of negligence in the matter of the handling of the business is lodged against the Dalhart bank sufficient, we think, to make a case of liability against it, irrespective of the question as to whose agent the Dallas bank might be.

The evidence is to the effect that the allegations on which the liability of the Dalhart bank is based are true, so that the charge that false allegations were made to secure jurisdiction is not sustained. There is some evidence to the effect that plaintiffs did not intend to enforce the judgment, if one was secured, against the Dalhart bank. No agreement to such effect appears to have been made; one of the plaintiffs simply stating in his testimony that on account of favors the Dalhart bank had extended to his firm he had rather lose the debt than make it pay the judgment. This state of mind on the part of the plaintiffs, with nothing binding on them legally not to change it, does not, we think, show that the suit against the Dalhart bank was fictitous in such a way as to require that the Dalhart bank be disregarded in determining the venue of the case. We therefore overrule those propositions which complain of the judgment overruling the plea of privilege.

One proposition urgd by appellants is that the petition states no cause of action, in that it appears therefrom that the plaintiffs were given credit for the draft by the Dalhart bank, and there is no allegation that the draft was thereafter charged back to their account or that they had been compelled to make it good. The appellees' counter to this proposition is that it appears from the whole petition that plaintiffs are "out their money," and that the general tenor of the petition will supply the absence of specific statement. As we reverse the case on another ground we express no conclusion as to this proposition, as the question will doubtless be obviated by amendment before another trial.

[4, 5] The evidence substantially sustains the allegations of the petition with these additions and exceptions: The car of corn was shipped from Brownfield, Tex., to Crisp, Tex., on straight bill of lading, consigned to the McFarland Grain Company, from whom the plaintiffs had purchased it. The bill of lading was attached to the draft drawn by the plaintiffs on the Interstate Products Company, the draft including the sale price of the corn, with freight prepaid added. There is some evidence that this draft was presented by the Dallas bank, though it is not conclusive; but the evidence fully sustains the conclusion that the draft was sent to the Dallas bank as a protest item, that it was not protested, and that, if presented, no notice of nonpayment was given by the Dallas bank until about March 21st, at which time the draft was returned by the Dallas bank to the Dalhart bank. It was shown to be the custom of the banks, which custom was observed by the Dalhart bank, to follow up collections sent to other places with inquiry in case returns or reports are not promptly received. In this instance the Dalhart bank did not do this. On notice of nonpayment it charged the draft back to plaintiff's account. The car was unloaded on March 12th, by whom it does not appear. The Interstate Products Company and its individual members were insolvent at the time of the sale of the corn and at all times thereafter. No witness who saw the corn testified as to its quality or condition. The plaintiffs testified that they bought and sold the corn as being of a certain quality, and testified as to its value based on this quality. Testimony was also offered to the effect that there was a custom among grain dealers that when grain shipped did not come up to quality the purchaser would have it weighed and graded, sending to the seller a memorandum for credit. The plaintiffs testified that they bought the corn for sound, heavy ear corn, and paid for it on that basis, and they thought that, if it had not been that kind of corn, they would have heard from it.

If the plaintiffs had sustained the allegations that the draft would have been collected if presented, they would have been entitled to recovery of the amount thereof; but, since they failed to make this proof, the measure of their recovery would be, we think, the market value of the corn, if it should be found that they had the right to take possession of and resell it, and that they could and would have done this if the banks had performed their duty in the handling of the collection. The evidence we have detailed is not competent, we think, to establish the value of the corn. The judgment is therefore unsupported by the evidence, and for this reason it must be reversed.

[6, 7] In view of another trial we may say that we think it doubtful whether the petition states a good cause of action for recovery of damages except on showing that the draft would have been collected if presented. The petition states a case of absolute sale of the corn to the Interstate Products Company, with title and right of possession in them during transportation; the only

right of the plaintiffs therein being that of stoppage in transitu under the application of established rules of law. If the plaintiffs had the right of stoppage in transitu and the negligence of the defendant banks resulted in depriving the plaintiffs of this right, to their damage, then the banks would be liable for the resultant loss, which would be the value of the corn. The right of stoppage in transitu exists only in cases of insolvency of the purchaser discovered by the seller after sale and shipment. H. & T. C. Ry. Co. v. Poole, 63 Tex. 246; Chandler v. Fulton, 10 Tex. 2, 60 Am. Dec. 188. The petition does not state such a case. The petition also fails to state the value of the corn. We should further say, however, that the proof is not exactly like the pleading as to the manner of shipment; the proof being that the shipment was consigned to McFarland Grain Company, from whom plaintiffs purchased it. It may be that the plaintiffs, under this proof, had some right in the property more than that of the mere technical right of stoppage in transitu. Williston on Sales (2d Ed.) § 284, p. 642 et seq.

The judgment overruling the plea of privilege of the Dallas bank will be affirmed, and the case will be reversed and remanded for trial on the merits.

### On Motion for Rehearing and to Certify.

[8] One proposition presented originally, but more insistently urged on motion for rehearing and to certify, merits some discussion. The proposition is that, even if the petition was sufficient to set out a cause of action against both the Dalhart bank and the Dallas bank, plaintiffs' cause of action against these respective defendants was not the same, and that they could not be joined so as to confer venue in Dallam county by reason of the residence in that county of the Dalhart bank. The case of Garver v. Howard, 257 S. W. 209, is principally relied on by the plaintiffs in error to sustain this proposition. The opinion in that case was on certified question. The question of law decided by the Supreme Court was the same as that decided in the case of Tillman County Bank v. Behringer, 257 S. W. 206, which merely involves the question as to whether a correspondent bank, under facts similar to those at bar, was the agent of the forwarding bank or of the customer depositing the check with the forwarding bank, so that there is nothing actually decided by the Supreme Court in conflict with our decision in this case. It appears, however, from the certificate copied in the opinion of the Supreme Court,

that the Court of Civil Appeals propounded the question to the Supreme Court on the theory that an answer thereto was decisive of the question of proper joinder, under facts quite similar to those in this case; and it may be that, if the Court of Civil Appeals ultimately decided the case on the holding referred to in its statement, we would be in conflict with that decision. We are not informed as to what that decision was, since the case seems not to have been reported. Under the circumstances, we do not feel bound to certify the question.

We cannot agree to the proposition that, if the plaintiff states a cause of action against both defendants, he may not join them in one suit, although the acts of negligence of each may be separate and distinct. The plaintiff, according to the theory of the law followed by the Supreme Court in the Behringer Case, employed two agents, the Dalhart bank and the Dallas bank, to collect the draft for him. It was contemplated that they should act together. The plaintiff dealt with the Dallas bank only through the Dalhart bank. These two agents handled the matter together, and between them the money was lost. They, and not the plaintiff, knew what had been done and who should be responsible for the loss; his cause of action grew out of the one transaction. It would be in accordance with both common sense and justice to hold that he should be permitted to bring one suit in a proper jurisdiction in which the rights and liabilities of all parties might be settled. The authorities, we think, sustain his right to do this. Farmers' National Bank v. Merchants' National Bank (Tex. Civ. App.) 136 S. W. 1122(2), a case quite similar in its facts; Harris v. Cain, 41 Tex. Civ. App. 139, 91 S. W. 866; Hudmon v. Foster (Tex. Com. App.) 231 S. W. 346; Richardson v. Cage (Tex. Com. App.) 252 S. W. 749(4).

Overruled.

### On Hearing after Response to Certified Question.

PER CURIAM. In this case this court certified to the Supreme Court the question whether we erred in affirming the judgment of the trial court overruling the plea of privilege of the Dallas bank. The Commission of Appeals having answered the question in the negative (277 S. W. 621), it is therefore ordered that the judgment overruling the plea of privilege of the Dallas bank be affirmed, and, as heretofore ordered in the original opinion, the judgment of the trial court is reversed, and the cause is remanded for trial on the merits.