### BROWN v. BROWN et al.
### No. 721.

Court of Civil Appeals of Texas. Eastland.
July 11, 1930.

Rehearing Denied Sept. 19, 1930.

Grisham Bros., of Eastland, and D. J. Brookreson, of Benjamin, for appellant.

Jas. A. Stephens, of Benjamin, and J. Rob Griffin, of Fort Worth, for appellees.

LESLIE, J.

This is a suit by W. A. Brown against his son, F. E. Brown, M. L. Cottingham, Shelby Brooks, M. McAlpine, and M. A. Grisham. The suit was on a note and to foreclose a mortgage, both of date May 1, 1929, and executed and delivered by F. E. Brown to plaintiff. The chattel mortgage was acknowledged in Navajo county, Ariz., May 15, 1929, and filed for record in Culberson county, Tex. (the location of the stock) May 17, 1929. The mortgage purports to cover but a one-half interest in the cattle, and acknowledges Cottingham to be the owner of the other one-half interest.

Cottingham was present in the court but did not answer. F. E. Brown answered that he executed the note and mortgage, and McAlpine, Brooks, and Grisham answered, alleging they were innocent purchasers for value of the cattle in a deal with Cottingham, and that the deal was consummated and the title passed to them on May 15, 1929, two days prior to the filing of the mortgage. By proper allegations they contended Cottingham had authority, representing himself and F. E. Brown, to sell the stock and transfer the title thereto.

The trial was before the court, and at the conclusion of the testimony judgment was rendered in favor of the plaintiff, W. A. Brown, against F. E. Brown on the $7,500 note, and the judgment then recites and purports to find that F. E. Brown owned merely an equity of $2,000 in the cattle he mortgaged his father, together with a one-half interest in the profits, if any, to be derived from the sale thereof, and such profits were found by the court to amount to $7,500. The decree proceeds in favor of the defendants McAlpine, Brooks, and Grisham, finding that for a valuable consideration by them paid, without any notice of the mortgage, they purchased the cattle on May 15, 1929, from defendant M. L. Cottingham, who is found by the court, in express recitals to that effect, to have had authority from F. E. Brown to sell the stock and transfer the title to the purchasers. The judgment further finds that on May 15th the purchasers paid by check $10,000 in cash on the cattle, and that they were delivered to and accepted by the purchasers on that date.

In addition to the judgment above granted in favor of plaintiff, W. A. Brown, he was given further judgment against Cottingham for "any and all interest that the said Cottingham now owns, derived from the proceeds of the sale of said cattle, covered by said mortgage, to the extent of $2,000.00, plus one-half of the profits derived from the proceeds of the sale of said cattle that were owned by said F. E. Brown, which profits the court finds to be * * * $7,500.00." Neither Cottingham nor F. E. Brown has appealed from the judgment, but W. A. Brown appeals, making an assault merely on that part of the judgment favorable to McAlpine, Brooks, and Grisham. The challenge is that (1) the court erred in finding McAlpine, Brooks, and Grisham to be innocent purchasers of the cattle; and (2) that Cottingham had authority from F. E. Brown to sell and transfer title to the cattle. It is asserted that these findings are wholly unsupported by the evidence, and in fact contrary to the same. It will be observed that the appellant, W. A. Brown, plaintiff below, makes no protest against that portion of the judgment in his favor and against Cottingham, which in effect amounts to a confirmation of the sale by Cottingham and an election on his (plaintiff's) part to take the benefits of such sale. In appellant's reply to brief of appellees he states: "The record does not disclose any attempt by appellant to set aside the sale from Cottingham to appellees."

If this expression correctly reflects appellant's theory, it would appear that Cottingham's right to make the sale of the cattle is not challenged.

However, we think the judgment should be affirmed on more certain and undoubted grounds. If Cottingham had the authority to sell the cattle and, in fact, sold them to said purchasers on May 15, 1929, that settles the controversy in favor of McAlpine, Brooks, and Grisham. If, as contended by appellant, (1) Cottingham had no authority to sell the cattle—that is, the interest of F. E. Brown—(2) or if the negotiations that took place on May 15, 1929, between Cottingham and the purchasers amount to no more than a conditional sale, and the completed sale was not, in fact, consummated until May 24, 1929, the date the purchasers made an additional payment of $12,600 on the cattle, and about which time they also executed a mortgage to Cottingham in security of an unpaid balance, then, in either event, the appellant, W. A. Brown, should prevail.

[1] In view of these several conditions, it is of importance to ascertain the intention of the parties in order that it may be determined when the sale took place. In Woods v. Half et al., 44 Tex. 633, our Supreme Court, in considering such a question, stated: "Law writers and courts have given some general rules governing questions like those involved in this case, but a careful examination will show that each case has been controlled by its own attendant circumstances. There is, however, one thing that courts have ever sought for, and if found clearly and unmistakably, it has been of controlling force: that is, the intention of the parties."

With this principle in mind we have examined the testimony in this record, and we find that it supports the conclusions of the trial court to the effect that the cattle were delivered to said McAlpine, Brooks, and Grisham, and the sale thereof consummated on May 15, 1929, two days prior to the filing of appellant's mortgage in Culberson county.

Further, all of the issues were resolved by the trial court in favor of the appellees. It is true the testimony in material respects was conflicting, but the issues thus raised were for the trial court, whose determination thereof against the appellant is binding upon this court. A trial court's findings on fact issues are as binding on the appellate court as findings by the jury, and, where there is evidence to support such findings, made by either the court or jury, the appellate court has no right to disturb the same. Hickman v. Hickman (Tex. Civ. App.) 20 S.W.(2d) 1073, and numerous authorities there cited.

For the reasons assigned, the judgment of the trial court is affirmed.