**ED MAHER, Inc., v. MORRIS et al.**

**No. 2927.**

Court of Civil Appeals of Texas. El Paso.

Jan. 11, 1934.

W. R. Herring, of Dallas, for appellant.

Ross M. Scott and E. T. Adams, both of Dallas, for appellees.

HIGGINS, Justice.

Ed Maher, Inc., brought this suit against Homer Morris upon the latter's note and to foreclose a mortgage upon a Ford car. J. S. Lawrence, trading as the Lawrence Motor Company, was joined as a defendant upon allegations he was claiming an interest in the car. A receiver of the car was appointed who, upon order of the court, sold the same for $100, which sum was deposited in the registry of the court.

The car in question was bought from the plaintiff by Morris who paid $100 cash, and executed the note and mortgage sued upon. Morris pleaded failure of consideration, in that plaintiff was without authority to sell the car and had not delivered a bill of sale thereto legally sufficient for Morris to register the car as by law required. He prayed for cancellation of the note sued upon and return of the $100 paid. Lawrence answered and prayed judgment for the title to and possession of the car. Upon trial without a jury judgment was rendered that plaintiff take nothing of Morris; that Morris recover the sum deposited in the registry of the court and cancellation of the note sued upon; that Lawrence take nothing by his cross-action, and that plaintiff recover of Lawrence all right, title, and interest in the car.

The plaintiff appeals from this judgment.

The litigation arises upon undisputed facts as follows: Plaintiff and Lawrence are automobile dealers. The car was formerly owned by Universal Laboratories, represented by E. Goodyear. Goodyear agreed to buy a new car from Lawrence, trading in the car in question. Lawrence could not make immediate delivery of the new car. Goodyear signed, in blank, a bill of sale in statutory form for the car in question and application for transfer of registration, and delivered same to Lawrence. The instrument was not subscribed and sworn to before a notary. Lawrence failing to make delivery of the new car, Goodyear purchased a new car from plaintiff, trading in his car, and giving a bill of sale and application for registration transfer. Plaintiff then sold and delivered the old car to Morris and gave bill of sale and application for registration transfer. In the meantime, Lawrence, without authority, had filled in the blank signed and given to him by Goodyear and filed the same with the tax collector. He had procured a notary to affix his seal and certificate falsely certifying that Goodyear had subscribed and sworn to the same before him. The bill of sale thus authenticated was by Lawrence filed with the tax collector. Lawrence notified Morris he owned the car. Morris went to the tax collector's office for the purpose of filing his bill of sale and having the registration of the car transferred him. Lawrence went with him. The tax collector refused to transfer the registration to Morris because of the bill of sale then on file execut-

ed by Goodyear to Lawrence dated several days prior to the bills of sale held by plaintiff and Morris. Upon such refusal of the tax collector Morris voluntarily surrendered the car to Lawrence and demanded of plaintiff return of the $100 theretofore paid and cancellation and surrender of the note sued upon.

Appellees have filed no brief, so we are not advised of the theory, if any, upon which they rely for affirmance.

Separate findings and conclusions were not filed by the trial court, but its judgment against plaintiff is based upon findings incorporated in the judgment to the effect that Morris was unable to register the car sold him by plaintiff because of an outstanding bill of sale of record apparently establishing ownership in the defendant J. S. Lawrence or the Lawrence Motor Company, and "Morris could not use the said car unregistering same, without violating the law and subjecting himself to a fine therefor."

The reason assigned by the court for its judgment is untenable.

■ In an action by the seller for the purchase price of personal property the buyer can of course defend by showing a failure of title to the property and that he has been divested of the goods by a title superior to that of his vendor. Upon such facts there is unquestionably such a failure of consideration as will defeat the action. 2 Mechem on Sales, § 836.

In 55 C. J. Title Sales, § 965, it is said: "But want of consideration on the ground of failure of title is no defense, so long as the buyer retains the property in his undisturbed possession. * * * It is no defense if the buyer surrenders the property, without proof that the alleged superior title was in fact paramount. * * * If the buyer, in order to avoid suit pays the price to the claimant, it will be a defense to an action by the seller on proof that the title was in fact in such claimant. * * *" See, also, 24 R. C. L. Title Sales, § 367.

■ ■ It is quite certain we think the seller in this case cannot be defeated in his suit to recover the purchase price of the car simply because the title to such car had been beclouded upon the records of the tax collector's office by the wrongful and unlawful action of Lawrence and which prevented Morris from securing the proper registration transfer. The plaintiff cannot be held accountable for the action of Lawrence and his right of recovery defeated unless **Lawrence had the paramount title.**

■ ■ The controlling question in the case is whether there was a failure of consideration for the note sued upon because paramount title to the car was in Lawrence. While no specific finding of fact was made by the court upon that question, the necessary inference is the court found Lawrence did not have the paramount title because judgment was rendered against Lawrence upon his cross-action for title and judgment was rendered in favor of plaintiff and against Lawrence for title. But because there is no specific finding of fact by the court upon the controlling issue, we have considered the evidence. Upon examination of the facts it is apparent Lawrence did not have title. The question of when title to a chattel passes is primarily one of the intention of the parties. The question is one of fact. 24 R. C. L. p. 15, § 275; 55 C. J. p. 531, § 532.

The car was never delivered to Lawrence. It remained in the possession of Goodyear until he traded and delivered it to plaintiff. Delivery is not essential to the passing of title if the parties intended title should pass prior to delivery. But there is no evidence that would support the inference that it was the intention of Goodyear to presently pass the title prior to delivery. No such inference can properly be indulged, because of the blank bill of sale given when Goodyear was negotiating with Lawrence to trade in the old car on a new one. The bill of sale was wholly in blank, and all of the facts show that it was merely a preliminary step in the passing of the title to be completed when a new car was purchased by Goodyear and delivery thereof made to him.

It will serve no useful purpose to discuss the evidence. We hold that, upon the undisputed facts, title to the car in question did not pass to Lawrence prior to the time the car was sold and delivered by Goodyear to plaintiff, from which it follows plaintiff passed good title to Morris and the consideration for the note sued upon did not fail.

Reversed and judgment will be here rendered as follows: In favor of plaintiff against Morris for the amount due upon the note sued on; that plaintiff's mortgage be established against defendants and foreclosed upon the proceeds of the receiver's sale now on deposit in the registry of the court; which proceeds are ordered paid to plaintiff and credited upon its judgment; that Morris and Lawrence take nothing by their cross-actions, and that all costs be taxed against Morris and Lawrence.

**Reversed and rendered.**