**GIEB v. GOEBEL BREWING CO.**
No. 14543.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 10, 1943.

Rehearing Denied Jan. 21, 1944.

Rogers, Spurlock & Love and W. S. Margowski, all of Fort Worth, for appellant.

Martin, Moore & Brewster, of Fort Worth, for appellee.

SPEER, Justice.

Goebel Brewing Company, a private corporation, sued Frank G. Miller Distributing Company, a corporation, and Jacob Gieb, to recover $6,181.37 and legal interest on a verified open account. We shall refer to plaintiff as such, to one defendant as Distributing Company, and to the other by his surname.

In so far as is necessary to state the pleadings, it appears that plaintiff was a manufacturer of beer for wholesale. Distributing Company was a private corporation, with a capital stock of $4,000, engaged in distributing beer to the retail trade. Gieb owned $3,800 of the capital stock of Distributing Company, and the remaining $200 capital stock was owned, $100 each by Frank G. Miller and another. Prior

to November, 1940, Distributing Company had the agency in Tarrant and Dallas Counties for the distribution of another brand of beer; that company had lost that agency and had on hand only merchandise enough to supply its customers for a few days and was anxious to procure the agency for another brand, to avoid disappointment to customers and prevent idleness of its employees and equipment. The local sales agent of plaintiff and Gieb discussed a potential agreement by which Distributing Company would acquire agency for plaintiff's products. Plaintiff's local agent was required to submit all contracts and sales to his principal, the plaintiff, for ratification. Gieb wanted for Distributing Company four car loads of beer as quickly as it could be delivered. Plaintiff declined to ship the beer to Distributing Company unless Gieb would guarantee payment. On November 7, 1940, Gieb executed an instrument reading: "I hereby guarantee payment of any money due Goebel Brewing Company of Detroit, Michigan, by Frank G. Miller Distributing Company of Fort Worth and Dallas, Texas." This instrument was sent to plaintiff and it still declined shipment and instructed its local representative that since the guarantee only promised payment of moneys due, and none were due or owing at that time, Gieb must guarantee payment of all sums to become due by Distributing Company. Gieb then had his secretary wire plaintiff he would comply with the request. After receipt of the telegram, plaintiff delivered the beer to the carrier, on November 12th and 13th, consigned to Distributing Company. On November 15, 1940, Gieb executed the second guarantee in this language: "I hereby guarantee the prompt payment of any moneys which may become due from the Frank G. Miller Distributing Company, Inc. of Fort Worth and Dallas, Texas." This instrument was received by plaintiff before the beer reached its destination and was actually in the possession of Distributing Company. Plaintiff sought judgment against both defendants, jointly and severally, on the account and guaranties.

At the first hearing of the case, Distributing Company did not answer or appear. Gieb answered with general denial and by verified answer to the effect that the account was not true and correct in whole or in part, except as to two small items aggregating $67.94, for signs and a uniform, which amount was confessed as owing. He further plead, under oath, want of consideration for the alleged guaranties which he admitted signing. On these pleas Gieb sought immunity from liability except as to the $67.94.

On December 7, 1942, the cause was called for trial and a jury being demanded, certain testimony was heard by the court, and upon motion of plaintiff the jury was instructed to return a verdict against the Distributing Company. Whereupon, the court entered an interlocutory judgment for plaintiff against that defendant. By agreement between the remaining parties, the jury was discharged and, with consent of the court, further hearing as between plaintiff and defendant Gieb was postponed until March 3, 1943. On that date a jury was waived and the court heard testimony from plaintiff and Gieb, and considered same along with the evidence adduced at the former hearing. Judgment was then entered in favor of plaintiff against both defendants jointly and severally for the principal sum of $6,181.37, with interest at 6% per annum from and after January 15, 1941. Gieb excepted and perfected his appeal from that judgment.

Appellant Gieb presents three points of error: (1) No judgment should have been rendered against him because the purported guaranties made by him were without consideration and void. (2) The first instrument called a guarantee dated November 7, 1940, only promised payment of amount due, and no amount was due at that time. And (3) the purported guarantee of date November 15, 1940, was without consideration because the goods for which it is claimed payment was guaranteed had already been delivered to the Distributing Company.

The points so presented are briefed as a group and may be so considered by us, since they relate to a single proposition of law.

It is frankly conceded by Gieb that the controlling question for our determination is, Was there a consideration moving, for the guaranties relied upon by plaintiff? He asserts that there was no such consideration and cites numerous authorities to support the proposition that no recovery could be had by plaintiff in the absence of a valid consideration. The proposition is fundamentally sound and we need not cite the authorities so holding. But as we view this record as a whole, we think a valid consideration is shown.

The trial court heard and determined the fact issues, and absent findings of fact upon which he based his judgment, if the testimony discloses evidence of probative value in support of the judgment it will not be disturbed by us, on review. 3 Tex.Jur. 1102, sect. 771, and cases cited in footnotes; Cisco & N. E. R. Co. v. Texas Pipe Line Co., Tex.Civ.App., 240 S.W. 990, writ refused; Brown v. Brown, Tex. Civ.App., 30 S.W.2d 1110, writ refused; Corn v. First Texas Joint Stock Land Bank, Tex.Civ.App., 131 S.W.2d 752, writ refused.

As pointed out above, the first effort made by Gieb to guarantee payment of Distributing Company's debt to plaintiff simply promised to pay all moneys "due". No previous sales had been made to Distributing Company and, of course, there was nothing due or even owing to plaintiff at that time. Plaintiff's credit manager testified to these facts and gave that as his reason for demanding a more comprehensive obligation by Gieb before shipment would be made. Then the second guarantee was made by Gieb on November 15, 1940. Both promises are copied above.

Gieb contends that since the debt sued on was not due or owing when he made the first guarantee, no recovery could be had by plaintiff, and since delivery of the beer by plaintiff to the carrier for shipment to Distributing Company was made before the date of the November 15th guarantee, title to the beer had passed to Distributing Company and there was no consideration for the execution by him of the November 15th guarantee. He cites in support of the contention, Robinson & Martin v. Houston & T. C. R. Co., 105 Tex. 185, 146 S.W. 537, and other authorities to the same effect. If absolute title had passed to Distributing Company at the time the beer was delivered to the carrier, his contention in the main would be sound. However, the question of solvency of the consignee enters into the picture. Besides this, there are other pertinent facts in this case which alter the situation, which we shall later notice.

Gieb pleaded and relied upon a failure of consideration for his promises to pay the debt sued on and the burden of proof was upon him to establish his defense in this respect. Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S. W.2d 67. This burden was not subsequently changed by the Texas Rules of Civil Procedure. See Rule 94.

If title to the beer did not pass to Distributing Company when it was delivered by plaintiff to the carrier, Gieb's plea of want of consideration for the November 15th guarantee can not be sustained. We think, under the undisputed facts and circumstances, that even though Distributing Company did pay the freight charges when it came into possession of the beer, title did not pass to it when delivered to the carrier. This for the reasons, plaintiff had declined to ship on the strength of the first guarantee for the reason above pointed out. When Gieb had his secretary wire plaintiff he would guarantee payment of future debts to become due and owing by Distributing Company, plaintiff delivered the goods to the carrier, with the knowledge, as testified by plaintiff's manager, that if Gieb did not execute the new guarantee, delivery could be stopped or re-routed to some other person of plaintiff's choosing; the manager said he expected to pursue this course. It developed that Gieb did execute the guarantee of November 15th according to his promise in the wire, and it was received by plaintiff before the merchandise was delivered to Distributing Company. Hence there was no occasion for plaintiff to exercise the option it retained for diverting the shipment.

In his brief, Gieb says the first purported guarantee is ambiguous and the parties had the right to place their own construction upon it. We think the second guarantee on November 15th was as ambiguous as the first in its wording. It will be noted that the second guarantee does not necessarily limit Gieb's liability to the payment of Distributing Company's debts due and to become due and owing to the plaintiff, but from its phraseology, is susceptible to a construction of a promise to pay Distributing Company's debts to any one. In such circumstances parol testimony was admissible to explain and reveal the intentions of the parties. Hernandez v. Garcia, Tex.Civ.App., 216 S.W. 477; Ed Maher, Inc., v. Morris, Tex.Civ.App., 67 S.W.2d 340; and Brown v. Brown, Tex. Civ.App., 30 S.W.2d 1110, writ refused. Gieb does not complain of the introduction of the parol testimony on this point.

Plaintiff's credit manager testified that when they made the shipment, they knew if Gieb did not execute the guarantee as he promised in his telegram, they could and would re-route the shipment to another

customer but that they did receive the second guarantee before Distributing Company actually came into the physical possession of the beer. Plaintiff's credit manager further testified in effect that at the time shipment was made, it was contemplated by plaintiff that Gieb had guaranteed the payment to plaintiff of all moneys to become due and owing by Distributing Company, "including the shipments involved in this suit".

Gieb's counsel did not call him to the stand, but plaintiff called him and in response to questions, he testified substantially that when he executed the guaranties he had in mind the four cars of beer which he had asked plaintiff to ship. Gieb testified in response to a question by plaintiff's counsel that he signed the November 15th guarantee in order to get the four car loads of beer. We think that it conclusively appears from the testimony that the intentions of both parties were that the guaranties of Gieb should be for the payment of the purchase price of the beer ordered and shipped. In the light of such testimony, no other reasonable conclusion could be reached. We also think it is a fair and reasonable deduction that the shipment would not have been made but for the guaranties of Gieb. The trial court was warranted in reaching the same conclusion.

Under these points of error, Gieb argues that plaintiff delivered the beer to Distributing Company when it was placed in the hands of the carrier, and had no right to re-route it to another while in transit, except in case of discovery of insolvency of Distributing Company, after shipment was made. As a general rule the proposition of law announced is sound. Lynch Davidson & Co. v. Denman Lumber Co., Tex.Civ.App., 270 S.W. 225, writ dismissed; Mercantile Bank & Trust Co. v. Schuhart, Tex.Civ.App., 277 S.W. 1087. But it will be borne in mind that Gieb had promised by his telegram to make the second guarantee, and upon this promise shipment was made, with the intention of plaintiff that if Gieb failed to carry out his promise the shipment could be diverted. Gieb did keep his promise and the shipment was delivered.

Relative to Distributing Company's solvency, it is obvious to us from this entire record that for some reason best known to plaintiff it would not extend to Distributing Company the line of credit Gieb had asked

for, but would extend it to Gieb. It is also plain that during all the time of these negotiations, Distributing Company was in fact hopelessly insolvent, and that plaintiff's precautions were well founded. We say this because, when Gieb was testifying and questioned by plaintiff, he said in effect that at the time of the transactions here involved and for a long time prior thereto, Distributing Company had in assets only nine used trucks worth approximately $7,200, and perhaps $200 or $300 in cash; that the trucks were mortgaged to Gieb for $10,000 borrowed money, and it owed other concerns approximately $3,500 or $4,000. Gieb, who was president and owned substantially all of Distributing Company's capital stock, perhaps knew better than any one else the financial status of the Distributing Company corporation.

From what has been said, it is plain that the interpretations given by the parties to the guaranties sued on were rather definite, and if a question of fact was involved at all, the trial court was the one to decide it from the weight to be given the testimony. The judgment entered indicates the interpretation placed upon the guaranties and the evident intention of the parties. The evidence supports the judgment and should be affirmed. It is our order that this be done.

Affirmed.