LOUIS GARVER ET AL. v. J. W. HOWARD ET AL.

No. 3367. Decided December 20, 1923.

(257 S. W., 209.)

1.—Agency—Bank—Forwarding for Collection.

A bank received for collection a draft with bill of lading for a shipment of grain attached, upon the purchaser in another county, crediting the drawer with the amount and charging a collection fee. In usual course it forwarded the draft and bill to a correspondent bank at the destination of the shipment. *Held* that the latter became thereby agent of the drawer of the draft, not of the forwarding bank, which was therefore not liable to the drawer of the draft for negligence of its correspondent bank in handling the collection by reason of which it was not paid, the shipment being destroyed by fire at a time when it should have been, but was not collected. Approving and following Tillman County Bank v. Behringer, 113 Texas, 415. (P. 375).

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

J. W. Howard and V. R. Hood (San Antonio Grain Co.,) sued Garver, the Continental State Bank of Van Alstyne, and the State Bank & Trust Co., of San Antonio, Bexar County. The plea of privilege by the first two defendants, which was overruled, depended on the liability of the Bank & Trust Co. to plaintiffs. Having first affirmed the case, the Court of Civil Appeals, pending a motion for rehearing, certified this question to the Supreme Court because of a conflict in decisions.

·  *T. F. Mangum,* for appellant Garvin.

Section 4 of Art. 1830, Rev. Statutes 1911, gives no right to maintain a suit against an inhabitant of this State in a County, other than his residence when the plaintiffs join him as defendant with some person who is a resident of the County in which the suit is brought, but against whom the plaintiffs have no cause of action. Jones v. Klawiter, 219 Ill., 626, 76 N. E., 673; Kansas City etc., Ry. Co. v. B. L. & L. Co., 54 S. W., 324; Russell & Co. v. Heitman Co., 86 S. W., 77; Bank v. Davis, 178 S. W., 671; Mercantile Co. v. Grain Co., 211 S. W., 946; Blaisdell Jr. Co. v. Bank of Tyler, 75 S. W., 292; Waggoner Bk. & Tr. Co., v. Garver Co., 213 S. W., 927.

*N. O. Green,* for appellant Continental State Bank of Van Alstyne.

Where is no cause of action against one defendant, then if such defendant is sued in the county of his residence and another party is joined as defendant who resides in another county, the non-resident defendant is fraudulently joined and is not a proper party. Wagoner Bk. & Tr. Co. v. Garver Co., 213 S. W., 927.

*Bickett & Bickett,* for appellees.

The acceptance by a bank of paper for collection imposes upon it the legal obligation to act in good faith, exercise reasonable skill in performing its duties, and use due care and diligence in making prompt presentment, demand, and protest, in giving notice of dishonor and in taking the necessary steps to protect the interests of the depositor  or it will be liable for the loss.  Collins County Nat. Bank vs. Turner, 167 S. W. 165.  Diamond Mill vs. G. N. Bank, 29 S. W. 169.  Merchants N. Bank vs. Dorchester 136 S. W. 551. Bailie vs. Bank, 21 S. E. 717, 51 Am. S. R. 74; Citizens v. Bank vs. Northfield 94 Atl. 303, 304; Bartlett v. Isbell, 83 Am. Dec. 146 (Conn.)

The undisputed evidence having established the allegations of the concurrence of the wrongs of the defendants resulting in a single injury to appellees, viz., the loss of the value of the car of corn, and one of the defendants being a resident of Bexar County, there was no fraudulent joinder and the plea of privilege was properly overruled.  38 Cyc., 488; Ry. Co. v. McWhirter, 77 Texas, 356, 14 S. W. 26; San Antonio v. Mackey, 14 T. C. A. 210, 36 S. W. 760, Moore & Savage v. Kopplin, 135 S. W., 1033.  Farmers' G. & M. Co. v. Jones, 147 S. W. 668; Reynolds v. M. S. Ry. Co., 168 S. W. 221 (Mo.); Rogers v. Rogers, 177 S. W. 382 (Mo.); Kemendo v. Fruit Co., 131 S. W. 73; Bank v. Bank, 136 S. W. 1120; Garrison v. Bowman, 183 S. W. 70; Dollar v. Lockey, 164 S. W. 1076; Kirkpatrick vs. Bank, 148 S. W. 363.

In the absence of express contract or custom binding on individual depositor, the relation of principal and agent exists between the original forwarding bank and the correspondent bank with full liability resting on the former for the wrongful acts of fraud or negligence of the latter. 7 Corpus Juris 606, Sec. 262 and Texas cases cited; Bank v. Bank, 106 Texas 297, 166 S. W. 689; Bank v. Thomas, 17 T. C. A. 214, 42 S. W. 1016; Bank v. Bank, 112 U. S. 276, 28 L. Ed. 722; Kirkpatrick v. Bank, 148 S. W. 362.

MR. JUSTICE PIERSON delivered the opinion of the court.

The case is clearly stated by the Honorable Court of Civil Appeals in its certificate as follows:

"Appellees, J. W. Howard and V. R. Hood, composing the firm of San Antonio Grain Company, sued Louis Garver and Continental State Bank, of Van Alstyne, and State Bank & Trust Company, of San Antonio, alleging that said Grain Company had sold Garver a car of corn for $343.08, and caused same to be delivered at or near the warehouse of Graver, in Van Alstyne, Texas, and had drawn a draft on him for said sum, which, with bill of lading attached, was delivered to State Bank & Trust Company for collection; that said Bank forwarded the papers to said Continental State Bank, and thereupon said bank became the agent of the State Bank & Trust Company for the purpose of presenting and collecting said draft; that the Continental State Bank failed to promptly present the draft, or if it presented it promptly, failed to notify said State Bank & Trust Company of Garver's failure to pay same, if he in fact failed to pay same; that no remittance to cover said draft was ever made by said Continental State Bank; that had said draft been promptly presented, and demand for payment made, with refusal to deliver bill of lading without payment, Garver would have paid the same; that said Continental State Bank delivered the bill of lading to Garver, and the draft was paid by him, but that said bank, after the corn was destroyed by fire, fraudulently brought about the return of the bill of lading to appellees through the San Antonio bank; that the failure of the State Bank & Trust Company to require a prompt report from the Continental Bank with regard to said collection was a failure to use due care, and resulted in plaintiff's damage to the extent of the value of the corn; that on the night of Jan. 18th, 1915, the corn was destroyed by fire, at which time the bill of lading had been delivered to Garver by the Continental State Bank.

"Garver and the Continental State Bank filed pleas of privilege, in which they alleged that the joinder of the State Bank & Trust Company was fraudulently made for the purpose of requiring said other defendants to try their case in Bexar County; that plaintiffs have no cause of action against State Bank & Trust Company.

"The plaintiffs filed controverting affidavits.

"The pleas of privilege were overruled, and the defendants who presented them have appealed from the order overruling the same.

This court held that there was no evidence to support a finding that the State Bank & Trust Company was guilty of negligence in failing to require of its correspondent a report concerning the collection, and further that, if such act could be held to constitute negligence, the cause of action existing by virtue thereof would only be against said bank, and not one upon which liability upon the part of the other defendants could be predicated; that therefore the plea of privilege was well taken unless it could be held that the State Bank & Trust Company was responsible for the wrongful acts or negligence of the Continental Bank to which it had forwarded the draft for collection.

"The portion of the findings of fact relating to such question is as follows:

"'On January 7th, 1915, plaintiffs deposited for collection with defendant, State Bank and Trust Company of San Antonio, Texas, the said draft for $343.08 with bill of lading attached, and in accordance with their usual custom paid to said State Bank and Trust Company, one-fourth (1/4) of one per cent (1%) of that amount for its service in making the collection. It was the custom of the State Bank and Trust Company to receive for collection drafts or other paper for collection, to forward it to the correspondent bank named by the drawer of the draft or depositor, or if none were named, to a correspondent bank of its own selection, but give the depositor credit for the amount of the draft upon his pass book and in case the draft was not paid, to charge the item against the account of the depositor, and to charge for this service one-fourth of one per cent of the amount of the collections. This transaction was handled in this way. The State Bank and Trust Company forwarded said collection to its correspondent bank, Continental State Bank of Van Alstyne, Texas, but did not receive nor require a report from said Continental State Bank until January 22nd, on said date the State Bank and Trust Company informed plaintiffs that the draft had not been paid.'

"This finding was adopted by us as correct.

"We held that the forwarding bank under the facts stated was not responsible for the wrongful acts or negligence of its correspondent. Pursuant to this conclusion we reversed the judgment and remanded the cause. Motion for rehearing is pending in this court.

"The foregoing statement is believed to be sufficient, but in addition we refer to the record, briefs and opinion in the case, accompanying this certificate, for such additional statement as may be deemed requisite by your Honorable Court.

"Appellees have filed a motion to certify, based on the ground that our holding, to the effect that the State Bank & Trust Company is not liable for the wrongful acts or negligence of its correspondent, is in

conflict with the decision of the Court of Civil Appeals of the Second Supreme Judicial District in the case of State Nat'l Bank of Fort Worth v. Thomas Mfg. Co., 17 Texas Civ. App., 214, 42 S. W., 1016; also the case of Kirkpatrick v. San Angelo Bank, 148 S. W., 362, decided by the Court of. Civil Appeals of the Third District. Believing that such conflict exists, we granted the motion, and now respectfully submit the following question for decision.

## "QUESTION:

"Is the State Bank & Trust Company responsible to the plaintiffs for any loss occasioned to them by the wrongful act or negligence of the Continental State Bank with regard to the collection of the draft?"

The question of law involved is the same as in the case of Tillman County Bank of Grandfield, Oklahoma, v. Dell Behringer, this day decided by this Court, to-wit: Whether under the facts stated the Continental State Bank was the agent of the State Bank & Trust Company (the forwarding bank), or of the owner of the paper (San Antonio Grain Company) ; or, abstractly stated: Whether a correspondent bank, to which another bank has sent a customer's negotiable paper for collection, is the agent of the forwarding bank or of the owner of the paper, and whether the forwarding bank may be held for the negligence of its correspondent bank .

Upon the authority of that case, and for the same reasons, the question here propounded is answered in the negative.