MERCANTILE BANK & TRUST COMPANY V. E. G. SCHUHART ET AL.

No. 4262.   Decided October 28, 1925.

(277 S. W., 621.)

**1.—Venue—Bank—Collection of Draft—Negligence.**

A bank found to be negligent in failing to present for payment or protest or to promptly return to drawer a draft sent by the latter through another bank for that purpose, whereby the drawer suffered loss of the amount, was properly sued in the county of the residence of the drawer and of such other bank, though asserting its plea of privilege to be sued in its own county; and this irrespective of the question whether the first bank, jointly sued and resident in the county where the suit was brought, was liable to plaintiff on the same cause of action.   (Pp. 118, 119.)

**2.—Same—Cause of Action—Contract—Place of Performance.**

The cause of action consists alike of the right and duty of the respective parties and the wrongful act or omission violating it.   The correspondent bank receiving the draft was under duty to use diligence in collecting it, or, if not undertaking this, to return it to the drawer and advise him.   The latter duty was one to be performed in the county of the drawer's residence, and action for the breach of it would lie in that county, under paragraph 24 of article 1830, Rev. Stats., 1911.   (P. 119.)

**3.—Same—Forwarding Bank.**

A bank receiving for collection a draft, and giving the drawer credit therefor, forwarding it to a correspondent bank at the residence of the drawee, and failing to make inquiry and inform the drawer when nothing was heard from it for an unreasonable time, being liable by reason of that neglect for the loss occasioned to the drawer by the failure of the correspondent to present it or make effort to collect it, they, both banks, could be jointly sued in the county of the residence of the forwarding bank, under Paragraph 4 of Article 1830, Rev. Stats., 1911.   (Pp. 119, 120.)

**4.—Same—Case Stated.**

Plaintiff shipped goods sold, consigned to the purchaser, and drew a draft for purchase price and prepaid freight, indorsing it for collection and receiving credit for the amount at his local bank.   This bank forwarded it to a correspondent bank in the county of the drawee's residence.   The latter obtained possession of the goods, did not pay, and became insolvent. Plaintiff had judgment against both banks, in suit in the county of his local bank, and over the correspondent bank's plea of privilege.   Both banks were found negligent, the correspondent bank for failure to present the draft or try to collect it or to notify and return it to the drawer; the local bank for failure to make inquiry and notify the drawer of non-payment. *Held*, that the plea of privilege was properly disallowed.   The duty of the correspondent bank to notify or to return the draft was performable in the county where the suit was brought.   The suit was properly brought in the county for that reason;   also because it was the place of residence of the local bank, jointly sued and likewise liable to plaintiff.   (Pp. 115, 120.)

Questions certified from the Court of Civil Appeals for the Seventh District, in an appeal from Dallas County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion, and here adopts same and orders it certified as its answer.

*W. I. Gamewell* and *Bailey, Nickels & Bailey,* for appellant.

The petition failed to show any cause of action against the Dalhart Bank.   City of San Antonio v. Bodeman, 163 S. W., 1044;   Moore v. Snell, 88 S. W., 270-273;   Fenton v. Bank, 65 S. W., 199-201.

That defendant's plea of privilege should be sustained, Tillman County Bank v. Behringer, 257 S. W., 206; Garver v. Howard, 257 S. W., 209.

*Bailey & Richards,* for appellee.

The evidence showing negligence against each bank separately, and failing to show fraud in making the Dalhart Bank a party, the court did not err in overruling the plea of privilege. Turner v. Brooks, 21 S. W. 404; Bergstrom v. Bruns, 24 S. W., 1098.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

The case is before the Supreme Court on a question of venue certified by the Court of Civil Appeals, Seventh Supreme Judicial District.   The court's certificate reads as follows:

"In this case E. G. Schuhart and others, partners engaged in the grain business in the name of The Schuhart Grain Company, brought suit against the First National Bank of Dalhart, the Mercantile Bank and Trust Company of Dallas, and Luke Johnson and C. J. Thomas, the last two parties being engaged in the grain business in the name of the Interstate Products Company, to recover damages in the sum of $407.66, and interest, growing out of the shipment of a car of corn by the plaintiffs to Crisp, Texas, for delivery on contract of sale by the plaintiffs to the Interstate Products Company.   The Dalhart Bank was a resident of Dallam County, the other defendants resided in Dallas County.   The plaintiffs alleged that they sold the car of corn to the Interstate Products Company, shipping it to Crisp, Texas, 'being a station commonly known as a blind station at which freight could not be paid'; that because of such fact they, at the purchaser's request, prepaid the freight and drew on the purchasers for the sale price of the corn, with freight charges added; that plaintiffs deposited this draft in the First National

Bank of Dalhart, Texas, for collection; and were given credit therefor by such bank; that the Dalhart bank forwarded the draft to the Dallas bank. That both banks were negligent in the handling of such collection in this—that the draft was received by the Dallas bank about February 27, 1921; that it held the draft until March 21, 1921, without presentation for payment or protest, and about said time returned it to the Dalhart bank without notice prior to such date that it had not been presented or paid; that it was the duty of the Dalhart bank to follow up the draft with inquiry within due time after sending it out and to learn the status of the collection and notify plaintiffs thereof; that it failed to do this; that the plaintiffs, until about the time the draft was returned, believed that it had been paid; that the draft was finally presented for payment on April 21, 1921, and protested for non-payment; that on account of the manner in which the car was shipped, the purchasers were able to get possession of same without payment of the draft; that if said draft had been duly presented, it would have been paid; or if it had not been paid and defendant banks had discharged their duty, the plaintiff would have had notice thereof in sufficient time to divert the shipment and prevent it from coming into possession of the purchasers who are now insolvent; that the plaintiffs have sustained damages in the sum of $407.66, etc. The Dalhart bank asked for a judgment against the Dallas bank, in the event judgment should be in favor of plaintiffs against it. The Dallas bank filed a plea of privilege to be sued in Dallas County. It was alleged in this plea in addition to the customary allegation of such pleas, that the First National Bank of Dalhart, the only defendant who resided in Dallam County where the suit was brought, was not, on the allegations of the petition, liable to the plaintiffs; that the allegations of liability as to such bank were false and were fraudulently made for the purpose of conferring jurisdiction. It was also urged that, even if the petition was sufficient to set out a cause of action against both the Dalhart and the Dallas banks, plaintiff's cause of action against these respective defendants was not the same, and that they could not be joined so as to confer venue in Dallam County, by reason of the residence in that county of the Dalhart bank.

"The plea of privilege was tried with the case on its merits, and was overruled. The plaintiffs also had judgment against both defendants.

"On appeal, we affirmed that part of the judgment which overruled the plea of privilege, but reversed and remanded the cause for trial on its merits.

"The evidence on the trial was sufficient, in our opinion, to sustain the allegations of the petition with reference to the liability of the two banks, for failure to perform their duty to the plaintiffs in the handling of said collection. But the appellants have urged throughout the case, that even if each of the defendants might be liable, yet there is no such cause of action against them as would authorize the suing of them together, and thus secure venue of the Dallas bank in Dallam County. We overruled this contention, and the ruling is apparently in conflict with the decision of the Court of Civil Appeals for the Fourth Supreme Judicial District in the case of Garver v. Howard, No. 6274 on the docket of that court, which case, however, was not officially reported, a question therein having been certified to your honorable body, and the answer to such certificate being reported in 257 S. W. Reporter, p. 209.

"On account of the conflict indicated, and on appellants' motion, we therefore certify to your honorable court for decision, the following question:

"Did we, under the facts stated, err in affirming the judgment of the trial court overruling the plea of privilege of the Dallas bank?"

Amongst the allegations (which the Court of Civil Appeals believes to be supported by the evidence) are the following:

"That said draft was received by the defendant, Dallas County State Bank, on or about February 27, 1921, but that said bank did not present the same to the defendants, Interstate Products Co., on that day, nor upon the next day, nor in fact at any time, and did not protest the same, but wholly failed and neglected to either present or protest the same, as it had been instructed and as it was its duty to do, but negligently and carelessly kept same in its office, without presenting same or protesting same until on or about March 21, 1921, when said defendant returned same to the defendant, First National Bank of Dalhart, Texas, without protesting and without presenting the same to said defendants for payment.

"That the defendant, Dallas County State Bank, wholly failed and neglected to either present or to protest the same. And wholly failed and neglected to return the same and to notify these plaintiffs of their failure to so present or protest the same.

"That had the defendants presented said draft for payment, as it was requested to do, and as it was in law bound to do, plaintiffs would have received their money therefor, but had they failed to secure their money thereon, then they say that had

the defendants duly and seasonably notified these platintiffs of the failure to pay the same, and had same protested, and had said defendants duly and seasonably notified these plaintiffs thereof, that then, plaintiffs had sufficient time to, and would have diverted and could have diverted said car of grain elsewhere, and prevented the receipt thereof by the defendants, Interstate Products Co., and would have been placed in position to protect themselves upon said car of grain, but failing and neglecting' to present said draft, and failing and neglecting to protest the same, and failing and neglecting to notify these plaintiffs of their said action, plaintiffs were lulled to sleep, upon the belief that said defendants would do their duty and present same and collect said money, or protest the same."

### OPINION.

Whatever else may have been comprehended in its obligations, the Dallas bank certainly assumed and became obligated diligently to perform these duties:   (a)  Due presentment of the draft for payment;  (b)  in event of presentment and declination of payment, prompt transmission of notice of dishonor; or, (c)  if for any reason it did not care to make presentment of the draft, prompt return of the draft and bill of lading (or at least of notice of its refusal to present.)    In a sense, it was agent of the Dalhart bank and, in another sense, it was agent of Schuhart et al.   (Tillman County Bank v. Behringer, 113 Texas, 415, 36 A. L. R., 1302, 257 S. W., 206; Garver v. Howard, 113 Texas, 371, 257 S. W., 209) and the alternative duties mentioned were owed both to plaintiffs and to its correspondent.   It did not perform these duties, or any of them, or any part thereof. On the contrary, having received the draft with bill of lading attached on February 27th, it held the papers until March 21st, without making presentment and without giving its correspondent or plaintiffs notice of any kind.   If it had duly performed the obligations assumed and owed, plaintiffs would have received the amount of the draft or have saved the property of which the bill of lading was symbolic.   The fact that the draft and bill of lading were thus held without effort at collection and without return or notice for twenty-one days, justified the trial court and the Court of Civil Appeals in the finding of negligence.   And for the result of that negligence the Dallas bank is liable to the plaintiffs.   Tillman County Bank v. Behringer, supra.

Since it held the papers for twenty-one days without presentment of the draft, and then returned them to the Dalhart bank, it could be held, reasonably, that the Dallas bank never intended

to perform its obligation to present and the others sequent. If its purpose was not to present the draft, its obligation was to transmit the papers, or at least notice of its intent, immediately into Dallam County and there make delivery either to its correspondent or to plaintiffs. If such was not its intention, it still owed the duty of making like transmission and delivery of notice of the delay, and its cause. The locus of the performance of this obligation, therefore, was in Dallam County. That duty, its breach and consequent injury, are component and substantial parts of Schuhart's cause of action. Together, they constitute a cause of action. And the breach, at least, occurred in the county of the suit. Venue there follows the terms of paragraph 24, Article 1830, Rev. Stats., 1911, wherein it is provided that "suits against any private corporation * * * may be commenced in any county where the cause of action, or a part thereof, arose."

A cause of action, ordinarily, consists of two distinct and separate elements, described by Mr. Pomeroy as being "the primary right and duty of the parties respectively and the wrongful act or omission violating it." In Western Wool Commission Co. v. Hart, (Com. App.) 20 S. W., 131, it is said in respect to paragraph 24, Art. 1830:

"The cause of action is that in which the plaintiff's remedy has its origin,—the fact or facts giving him the right to bring the suit * * * *. Those facts which show the plaintiff's primary right in the matter are as much a part of the cause of action and are as necessary as a foundation for the suit, as are those facts showing a violation or invasion of his right, ordinarily termed a breach of the contract or covenant by the defendant."

That declaration by Judge Hobby states an accurate converse: The facts which show the breach are as much a part of the cause of action as are those which show the duty or covenant itself. See, also, Phillio v. Blythe, 12 Texas, 124; Houston & T. C. Ry. Co. v. Hill, 63 Texas, 381, 51 Am. Rep., 642; Mangum v. Lane City Rice Milling Co. (Civ. App.), 95 S. W., 605; Floresville Oil & Mfg. Co. v. Texas Ref. Co., (Civ. App.), 55 Texas, 780, 118 S. W., 196; Planters Cotton Oil Co. v. Whitesboro Cotton Oil Co. (Civ. App.), 146 S. W., 225; Rhome Milling Co. v. Cunningham (Civ. App.), 171 S. W., 1081. It results that venue (as against the Dallas bank) was properly laid in Dallam County; even if there is no joint (or other) liability against the Dalhart bank.

We believe, also, that the venue is proper under paragraph

four, of Article 1830, providing for suit in the county of residence of one defendant where there are others residing in a different county, or counties. The Dalhart bank took and forwarded the draft and bill of lading with notice of the sale and shipment. It agreed to handle the collection with due care. It transmitted the papers to its correspondent, as it had agreed, with instructions to present the draft at once and to protest, etc., if payment was not made. So far its duty was performed, (Tillman County Bank v. Behringer, supra) since the record does not show negligence in selection of the correspondent. In due course, it would have received proceeds or notice,—but none came. The correspondent retained the papers for twenty-one days without report. We believe there existed a duty to make inquiry about the delay. If it had been made the loss might have been prevented. Failure in this respect, it appears to us, was negligence. First National Bank v. City National Bank, 106 Texas, 297; 166 S. W., 689; L. R. A. 1918, E. 336. This negligence (failure to make inquiry) was personal to the Dalhart bank. Its use as basis of liability, therefore, does not conflict with anything said in Tillman County Bank v. Behringer, supra. It has already been shown that the Dallas bank, separately considered, was negligent and liable to plaintiffs.

There is, then, a situation presented where loss was caused and the delinquency of either, or both, of two parties, was an efficient cause. Suit against either or both of them to redress the loss could be maintained. Kemendo v. Fruit Co., 61 Texas Civ. App., 631; 131 S. W., 76; Adams v. First National Bank (Civ. App.), 178 S. W., 996; Missouri, K. & T. Ry. Co. v. Maxwell (Civ. App.), 130 S. W., 722. One of them resided in Dallam County, and Article 1830, paragraph 4, allowed venue there.

We therefore recommend a negative answer to the question certified.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.    *C. M. Cureton,* Chief Justice.