**CITIZENS' NAT. BANK OF ABILENE v. OVERSTREET et al.**

**No. 4090.**

Court of Civil Appeals of Texas.   Texarkana.
Dec. 10, 1931.

Rehearing Denied Dec. 24, 1931.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Ross, Ross & Alexander and Polk, Sansom & Terrell, all of Fort Worth, for appellees.

LEVY, J. (after stating the case as above).

The question arising is the simple one of whether or not in the circumstances the appellant the Citizens' National Bank of Abilene can be deprived of its privilege of being sued in the county of its domicile. The statute expressly declares, and makes it the fundamental right of the defendant, that the venue of the action shall be at the residence of the party sued, unless there is some statutory provision to the contrary. An exception, enumerated in the statute, fixes the venue of an action at the residence of either defendant where two or more defendants to the action shall reside in different counties. Rev. St. 1925, art. 1995, exception 4, and also exception 29a as added by Acts 40th Leg. (1927), 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a). The limitations put upon the above exceptions are that the party who is a nonresident of the county in which the action is brought must be a proper or a necessary party to the plaintiff's action. Rush v. Bishop, 60 Tex. 177; Holloway v. Blum, 60 Tex. 625; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Cobb v. Barber, 92 Tex. 309, 47 S. W. 693; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; and other cases. Therefore it follows, as respects venue, that persons who are not proper or necessary parties to the plaintiff's action cannot be denied nor defeated of the privilege to be sued in the county of their residence by their joinder with the defendant residing in the different county where the action was brought. In the light of the principle set out, can the appellant, as respecting venue, be regarded as properly joined as the codefendant with the First National Bank of Fort Worth in the plaintiff's suit? With reference to the joinder of defendants in cases of pure negligence, as is the character of the case here, the rule is general and invariable that any and all joint tort-feasors may be joined as party defendant at the will of the plaintiff. 38 Cyc. p. 490; 47 C. J. 170; 1 Sutherland on Damages (3d Ed.) § 140; 6 Thompson on Negligence (Ed. 1905) § 7435; Markham v. Houston Direct Navigation Co., 73 Tex. 247, 11 S. W. 131; and other cases. It has been expressly held that the liability of forwarding and collecting banks rests upon negligence. Tillman County Bank v. Behringer, 113 Tex. 415, 257 S. W. 206, 36 A. L. R. 1302; Garver v. Howard, 113 Tex. 371, 257 S. W. 209; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621. But the rule is equally as established and invariable that there cannot, as respects venue, be proper joinder of several persons as defendants in an action for pure tort where the persons committing the tort were acting, not jointly upon concert of action or by simultaneous wrongful acts or with community of legal responsibility, but separately and for themselves alone without any concert of action or without legal liability with the others. 29 Cyc. p. 565; 38 Cyc. p. 484; 47 C. J. § 147, p. 71; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Jackson v. Pipe Line Co. (Tex. Civ. App.) 33 S.W.(2d) 540; McCauley v. McElroy (Tex. Civ. App.) 199 S. W. 317; and other cases. Quoting from 38 Cyc. p. 483: "So far as concerns the number of individuals who may be held responsible torts are either single or joint. The class within which a particular instance of wrong may be placed depends in general not upon the inherent nature of the tort itself, but upon the method of its accomplishment, for nearly every tort is susceptible of commission by one or many. Where different persons owe the same duty and their acts naturally tend to the same breach of that duty the wrong may be regarded as joint and both may be held liable."

Accordingly, under the definition and test above stated, it is believed the two codefendants in the present case could not be classed and regarded as joint tort-feasors, in the special circumstances shown. The plaintiff's loss was not caused nor did it result through any combined negligence of the two banks. The loss was occasioned solely through default of the Abilene bank in acts entirely separate and independent and wholly without any concert of action on the part of the other defendant. If the Citizens' National Bank of Abilene received, as is shown by the judgment it did, the trust certificates and time drafts from the forwarding bank at Fort Worth, then the Abilene bank was guilty of negligence, directly and solely causing the plaintiff's loss, by not having Charles Danford execute and deliver the trust certifi-

cates and time drafts. If the First National Bank of Fort Worth did not transmit to the Citizens' National Bank of Abilene the trust certificates and time drafts, then the First National Bank of Fort Worth was guilty of such default, directly and solely causing the plaintiff's loss, as permitted the shipment being delivered to Charles Danford without the execution of the trust certificates and time drafts. In such contingencies the wrongdoer would be responsible for the entire result and could not escape the extent of full liability, for his negligent act alone would be the cause of the injury and loss. It has been expressly held that the relation of principal and agent does not exist and that the wrongful acts or negligence of the one bank could not be imputed to the other. Tillman County Bank v. Behringer, 113 Tex. 415, 257 S. W. 206, 36 A. L. R. 1302. It is believed that, as respects venue, unless the parties were joint tort-feasors the question of either proper or necessary parties would not further arise. As pertinently stated, as respects venue, in Danciger v. Smith (Tex. Civ. App.) 229 S. W: 909, 910: "It is not sufficient, as contended by the appellants, to show a valid cause of action against each defendant, or to show a liability in the alternative." As further set out in Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747, in order to make applicable the dominating venue of exception 4 a cause of action must be plainly shown against the resident defendant. In the circumstances, and as found by the trial court, the First National Bank of Fort Worth was not in default or negligent in the transaction or in handling the papers. The case of Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621, is cited in support of venue under exception 4. In that case remarks were made that a suit to redress the wrong could be maintained where the delinquency or the act "of either, or both, of two parties was an efficient cause." It is thought that the expression was intended to have application only to concurrent negligence (as the two defendants were held jointly liable), and not to lay down a contrary rule.

The next question arising is that of whether or not exception 23, also enumerated in the statute, is applicable, which fixes the venue of an action against a private corporation in the county in which the cause of action or a part thereof arose. If the Citizens' National Bank of Abilene did not, in point of fact, receive from the forwarding bank at Fort Worth the trust certificates and time drafts, then no cause of action against it arises at all in favor of the plaintiff. The relation of principal and agent did not, as held, exist between the two banks. Tillman County Bank v. Behringer, supra. If the Citizens' National Bank of Abilene did receive the particular instruments mentioned, then the legal effect of the evidence is that of a completed undertaking between it and the plaintiff. The plaintiff sent through the forwarding bank the particular instruments for execution in Abilene to be accomplished there by the bank at Abilene and the bank at Abilene accepted the proposition. The agreement then was made in Abilene, which was the place of acceptance. Early-Foster Co. v. A. P. Moore's Sons (Tex. Civ. App.) 230 S. W. 787. The agreement was then fully performed in part in Abilene by the Abilene bank. The bank at Abilene collected the demand draft and delivered the bill of lading, but did not have the trust certificates and time drafts executed and delivered. The cause of action arose at once on the breach occurring in Abilene, which consisted in not having Charles Danford execute and return the trust certificates and time drafts. That was the very act that caused the plaintiff's loss, of not having the instruments mentioned properly executed. If the instruments had been properly and timely executed, the plaintiff could have presented them to the finance corporation and have been paid over the money thereon. It is the breach of this particular duty only which gives rise to the cause of action, and the venue thereof would lie in the county where the particular breach occurred, which was Taylor county. It was not necessary to plaintiff's cause of action and the bank's liability that the plaintiff should have been given notice of the particular breach of duty. He was at once deprived of his only means of preventing loss by the default of the bank in not having the instruments executed by Mr. Danford, and such loss was in no wise conditioned, in virtue of contract or as a matter of pure law, upon the plaintiff's having been given notice by the bank of its particular default.

The facts here are dissimilar to the facts in the case of Mercantile Bank & Trust Co. v. Schuhart, supra. In that case the Dallas bank held the draft and made no effort at collection, beyond a reasonable time without giving notice of the cause of delay. The failure on the part of the bank to give timely notice of the inaction was the producing cause of the plaintiff's loss, for with prompt notice of the bank's inaction the plaintiff would have had time to divert the shipment and have prevented it from coming into possession of the purchaser who was insolvent. The plaintiff could not have prevented the loss until it had such notice from the bank. The car of grain was so shipped that the purchaser was able to get possession of the same without payment of the draft. The bank's negligence therefore lay in failing to timely give notice of its refusal to undertake to present the draft for collection. It did not have to act as the plaintiff's agent, but the duty nevertheless rested upon it to timely notify the plaintiff of its unwillingness or refusal to do so. The "locus of the performance of this obligation" (to timely notify of the refusal), as held,

"was in Dallam County." The present case is quite different as to the point of controversy, as plainly seen.

It is concluded that the judgment should be reversed, and the cause remanded with instructions to order the transfer of the cause, as pertains to the Citizens' National Bank of Abilene to Taylor county for trial.

The judgment in favor of the First National Bank of Fort Worth will remain undisturbed, there being no appeal therefrom nor complaint respecting same.