SNODGRASS v. KELLEY et al.

No. 10339.

Court of Civil Appeals of Texas. San Antonio.

June 15, 1938.

Rehearing Denied July 13, 1938.

Brown & Bader, of Edinburg, for appellant.

Kelley, Looney & Norvell, of Edinburg, and Strickland, Ewers & Wilkins and R. D. Cox, Jr., all of Mission, for appellees.

SLATTON, Justice.

This suit was instituted in the 92d District Court of Hidalgo County by Robert C. Snodgrass, against A. A. Kelley and others, all of whom were alleged to be residents of Hidalgo County, and Lionel Laborde and R. A. Mitchell, both of whom were alleged to be residents of Starr County. By an amended original petition the residence of Laborde was averred to be Bexar County. The cause of action disclosed by the amended petition was in tort. and sought exemplary and personal injury damages in the aggregate of $25,000. Laborde seasonably asserted his privilege to be sued in the county of his residence, which Snodgrass timely controverted. The parties residing in Hidalgo County answered to the merits. Thereafter Snodgrass with the permission of the court withdrew his controverting affidavit to Laborde's plea of privilege on the 18th day of October, 1937, and on October 23d the plea of Laborde was sustained and the cause as to him was transferred to the 57th District Court of Bexar County. The trial court retained the cause as to all parties defendant other than Laborde.

Snodgrass brings the order to this Court, claiming error in that the cause was not transferred to Bexar County as to all parties defendant with defendant Laborde.

Two or more parties responsible for the commission of a tort are jointly as well as severally liable for all damages resulting therefrom. Moore & Savage v. Kopplin, Tex.Civ.App., 135 S.W. 1033, writ refused. It is elementary that the injured person may sue all of them jointly, McDonald v. Cabiness, 100 Tex. 615, 102 S.W. 721; or as many of them as he sees fit, Texas & Pac. Ry. Co. v. Miller, 79 Tex. 78, 15 S.W. 264, 11 L.R.A. 395, 23 Am.St.Rep. 308; or each of them separately, Gulf C. & S. F. Ry. Co. v. James, 73 Tex. 12, 10 S.W. 744, 15 Am.St.Rep. 743.

Under Subdivision 4 of Art. 1995, R.C.S., 1925, Snodgrass had the right to sue all parties responsible for the commission of the tort in Hidalgo County, because of residence of one or more of the parties defendant being in that county. San Antonio & A. P. R. Co. v. Graves, Tex.Civ. App., 49 S.W. 1103; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621.

The withdrawal of his controverting affidavit to the plea of Laborde by

Snodgrass left the trial court no alternative other than to transfer the cause as to Laborde to Bexar County. This is true because the cause of action was maintainable against one or more of the defendants severally. Standard Accident Ins. Co. v. Pennsylvania Car Co., Tex.Civ.App., 15 S.W.2d 1081. Moreover, Snodgrass selected Hidalgo County as the forum in which to try his case, and if he had not withdrawn his controverting affidavit to the plea of privilege of Laborde he would have been entitled to do so against all defendants. His action, in the voluntary withdrawal of his controverting affidavit to the plea of Laborde, was in effect choosing to proceed against the various defendants in separate actions; that is, those defendants in Hidalgo County and the defendant Laborde in Bexar County.

Accordingly the order entered by the trial court is affirmed.