**TRADERS OIL MILL CO. v. ARNOLD BROS. GIN CO. Inc.**

No. 12140.

Court of Civil Appeals of Texas. Galveston.

Dec. 22, 1949.

Rehearing Denied Jan. 19, 1950.

Cantey, Hanger, Johnson, Scarborough & Gooch and Carlisle Cravens, all of Fort Worth, and Joe Bailey Humphreys, of Crockett, for appellant.

Kennedy & Granberry, of Crockett, for appellee.

CODY, Justice.

This is an appeal from the order of the District Court of Houston County, overruling appellant's (defendant's) plea of privilege, seeking to have the suit transferred to Tarrant County, which is the county where appellant, a corporation, is domiciled. Among the grounds urged by plaintiff in its controverting affidavit, resisting the transfer of the cause on appellant's plea, is Subdivision 23 of Art. 1995, Vernon's Ann.Civ.St. Said exception to the general venue statute provides in part that suits "against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose * * *". The hearing on the plea was to the court without a jury, and it was solely under said exception that the court overruled appellant's plea. In response to appellant's request, the court filed conclusions of fact and law, which, so far as we deem here material, are:

That, about the first of September, 1948, the appellee (plaintiff) acting by its representative, made a telephone call from Crockett, Houston County, where it is domiciled, to appellant in Fort Worth, and thereby made the oral contract here sued on. That, by the terms of said contract, appellee sold and appellant bought the cotton seed described in appellee's petition. That the seed were contracted to be, and in fact were, shipped by appellee from Crockett and Lovelady, in Houston County, "f.o.b." said shipping points, to appellant in Fort Worth. That appellant paid the freight

charges on said seed and exercised exclusive dominion over said seed, which were transported to Fort Worth. That the seed so delivered by appellee at aforesaid shipping points, under the terms of said agreement, were of the standard contemplated by the parties. That, "According to the terms of said contract, defendant agreed to pay to plaintiff the sum of eight-five dollars ($85.00) per ton therefor, or the market price therefor, whichever was the higher at the time of the demand for payment."

It was not disputed that the offer, upon which the contract was based, was made in Crockett by plaintiff and was accepted in Fort Worth by defendant; and no question is here raised as to the sufficiency of the pleading.—The court concluded as a matter of law, that a part of appellee's cause of action against appellant corporation arose in Houston county, because "plaintiff was and is required to allege and prove it sold and delivered to defendant the cotton seed in question"; and the court further concluded that since "under the terms of such contract plaintiff would not be entitled to recover for cotton seed not delivered to defendant"; and that since it was necessary to prove "the delivery to the common carriers, in Houston County"; and that since it was necessary for appellee (plaintiff) to prove "the acceptance thereof (i. e., acceptance of delivery of the seed) by defendant", that said matters constituted necessary elements of plaintiff's cause of action, which arose in Houston County. The court accordingly overruled appellant's plea of privilege.

Because appellant predicates its appeal solely upon the following points, it is unnecessary to give more of the court's conclusions of fact and law; said points being:

1. That appellee, as plaintiff, is not entitled here to hold venue in Houston County, under Subdivision 23, Art. 1995, for the reason that the oral contract was not made in Houston County, nor did appellant violate any of its obligations in said County.

2. That, this being an action on an alleged oral contract, for the purpose of determining venue the cause of action must be taken as being composed of the facts relating to the formation of the contract, and of the facts constituting its breach. That, since the only event transpiring in Houston County was appellee's delivery of the seed "f.o.b." at points in Houston County, the court erred in concluding that a part of appellee's cause of action arose thereby in Houston County, which were sufficient to sustain venue in said County as against appellant's plea of privilege.

"The inestimable right of the citizen to be sued in the place of his residence", Todd v. W. E. Jamar Seed Co., Tex.Civ.App., 252 S.W. 256, 257, which is fixed generally by Art. 1995, has been weakened by some thirty exceptions duly enacted by the legislature. The language, "may be brought in any county in which the cause of action, or a part thereof, arose," which occurs in exception 23 to Art. 1995, was doubtless employed by the legislature in response to the admonition of the supreme court in Phillio v. Blythe, 12 Tex. 124, 126, 127. See also Western Wool Commission Co. v. Hart, Tex.Sup., 20 S.W. 131; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621.

In a case, for instance, where a contract is made in one county, and is breached in another, it would be a labor of some nicety to determine whether the cause of action accrued in the county where the contract was made, or in the county where the breach occurred. Anyway, in 1874, provision was passed that corporations may be sued in any county "where the cause of action, or a part thereof, accrued." In 1879, the word "accrued" was changed to "arose". See Western Wool Commission Co. v. Hart, supra, at page 132 of 20 S.W. Said the court in the Hart case, "The cause of action is that in which the plaintiff's remedy has its origin,—the fact or facts giving him the right to bring the suit. * * *, those facts which show the plaintiff's primary right in the matter are as much a part of the cause of action, and are as necessary as a foundation for the suit, as are those facts showing a violation or invasion of his right, ordinarily termed a breach of the contract or covenant by the defendant." Quoted with approval in Mercantile Bank & Trust Co. v. Schuhart,

supra, at page 119 of 115 Tex., 227 S.W. 621.

Undoubtedly, in the case at bar, a part of the cause of action may be said to have arisen in Tarrant county, where the contract was accepted. Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co., Tex. Civ.App., 146 S.W. 225; Cowdin Grocery Co. v. Early-Foster Co., Tex.Civ.App., 237 S.W. 578; Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co., Tex.Civ.App., 220 S.W. 394. Under the authority of such cases as those just cited, it may now be taken as settled that, where a contract is made orally over the telephone, with the offerer being in one county and the offeree in another, the contract is considered as having been made in the county in which the acceptance is made, and not in the county in which the offer is made. But the mere fact that a part of a cause of action may be said to have arisen in Tarrant County in no way prevents a finding that another part of the cause of action arose in Houston County. Nor does appellant contend otherwise. Appellant does contend, however, that where a suit sounds in contract, before it can be said that a part of a cause of action has arisen against a defendant in a particular county, so as to allow such defendant to be sued in said county, the defendant must have subjected himself to such venue either in virtue of the provisions of the contract, or in virtue of the county being the locus of the contract, or in virtue of some act done by him in said county, or left undone by him there, which it was his duty to do. As authority sustaining such position, appellant cites the Stone Fort National Bank v. Forbes, 126 Tex. 568, 91 S.W.2d 674, 676, which was certified to the supreme court under writ of mandamus because of the conflict in the case as decided by the court of civil appeals with the decision of the point involved by other courts of civil appeals.

In the case last cited, the court pointed out that all transactions with which the appellant therein, claiming its privilege to be sued in the county of its domicile, had any connection occurred or arose exclusively in the county of said appellant's domicile, and not in whole or in part in the county where the suit was filed. The court held that as used in exception 23 to Art. 1995, the words "in any county in which the cause of action, or part thereof arose," means "that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." The court quoted with approval from 67 C.J. 94, the following: "A cause of action, within the meaning of such statutes, has been said to consist of a duty on the part of one toward another and the violation or breach of that duty, or of plaintiff's primary right and the act or omission of defendant. *It may consist of one or more essential facts which plaintiff must show to make out his case and which may be severable.* It arises when that is not done which ought to have been done; or that is done which ought not to have been done. * * * *" (Emphasis supplied.)

The basis of the supreme court's holding in the case was the fact that the language of said exception 23 to Art. 1995 is not broad enough to make it permissible to maintain an action for damages in any county where a plaintiff sustains damages, "notwithstanding the fact that the corporation has taken no part in any transaction producing such damages in the county where the suit is brought." But in the cited case, which was one to recover damages for breach of the bank's obligation to pay the plaintiff's check in the county of its domicile, the court reaffirmed this language of the Phillio case, cited supra, " 'It may be admitted that the terms "cause of action" are sometimes used in a more limited sense, and that where the cause is founded on a contract, the contract itself is denominated the cause of action; but more frequently, and where the terms are used with more precision, and accuracy, the terms embrace a much wider scope, and include, not only the contract, *but its performance,* if executory, and also the breach of such contract.' * * *" (Emphasis supplied.)

By the terms of the contract here, appellee was not obligated to ship any cotton seed at all to appellant from the aforesaid

shipping points in Houston county. The contract applied only to such seed as appellee did in fact actually ship. But in order for appellee to prove performance of the contract, it was necessary for appellee to allege and prove that it had delivered the seed to appellant at said shipping points, which were in Houston county. Thus, some of the transactions with which appellant was connected did occur in Houston county. The contract was executory when it was made, but became executed as to appellee's obligations to be performed in Houston county before suit was brought. We do not understand that appellant makes any contention based on any such distinction, as that said obligations to be performed in Houston County by appellee were executed, and not executory, at the time suit was filed.

 Under the language of Exception 23 to Art. 1995, as the same has been construed in the cases cited above, including the Stone Fort National Bank v. Forbes, a part of the cause of action arose in Houston County, as found by the trial court. The judgment is affirmed.

Affirmed.